IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| GARY CARLYLE, an individual, | ) | No. 39413-1-III |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| BRIAN CARLYLE, an individual, | ) | |
| | ) | |
| Respondent. | ) | |

LAWRENCE-BERREY, C.J. — Ronald Carlyle wrongfully withdrew money from a bank account owned by his brother, Gary Carlyle. Ronald then gave the money to Brian Carlyle, his son, who later claimed he did not know the money was wrongfully obtained.

Gary sued Ronald and Brian for conversion. The trial court determined that only Ronald was liable. On appeal, Gary argues Brian also is liable for conversion. We agree.

Brian, who did not cross appeal, argues the trial court's judgment must be vacated because it erred by retaining the case after being disqualified. We conclude we cannot consider Brian's argument.

FACTS

The matter was tried to the bench, and the trial court entered findings of fact that no one contests. The findings are summarized below.

Gary Carlyle was the sole depositor and owner of a bank account, established as a joint tenancy with right of survivorship. The joint tenants were Gary and his brother, Ronald Carlyle. The bank's joint tenancy agreement gave Ronald the ability to withdraw funds from the account. Gary never granted or intended Ronald or Ronald's son, Brian Carlyle, to have any present interest in the account. Neither Ronald nor Brian had any right, title, or ownership in the account.

In April 2018, Ronald withdrew $181,400 from Gary's account without Gary's knowledge and directed those funds to Brian. Between December 2018 and July 2020, Ronald withdrew $76,066 from Gary's account without Gary's knowledge and kept those funds.

## PROCEDURE

Gary sued Ronald and Brian for conversion, seeking judgment for no less than $250,000, with prejudgment interest, costs, disbursements, and attorney fees. The summons and complaint were served on Ronald and Brian, and their attorney filed a notice of appearance.

Gary moved for an order of default and default judgment, asserting that neither defendant had appeared in the action. Judge Scott Wolfram entered an order of default

and a default judgment for $263,938.71, comprised of amounts consistent with the complaint's request for relief.

Ronald and Brian promptly moved to vacate the default judgment. Gary opposed the motion and argued that the default order and default judgment were properly obtained because he had not received a copy of the defendants' notice of appearance. Judge Brandon Johnson presided over the contested motion and entered an order vacating the default order and the default judgment.

Months later, Gary moved for summary judgment, and noted the motion to be heard by Judge Wolfram. Weeks before the hearing, Brian filed a motion for recusal of Judge Wolfram, along with an affidavit of prejudice. In Brian's summary judgment response, he cited the notice of disqualification statute, RCW 4.12.050(1), and argued why the statute required Judge Wolfram to disqualify himself. Judge Wolfram declined to disqualify himself on the basis that he exercised discretion when he entered the default order and the default judgment, making Brian's notice of disqualification untimely.

Afterward, Judge Wolfram denied Gary's summary judgment motion, presided over the bench trial, and ruled that only Ronald was liable for conversion.

Ronald appealed. Gary appealed the ruling that Brian was not liable for conversion. Brian did not file a cross appeal.

Ronald died before the appeal was heard. His estate paid a portion of the judgment, was dismissed from the appeal, and the parties were realigned to reflect Gary as the appellant and Brian as the respondent.

ANALYSIS

A.     BRIAN IS LIABLE FOR CONVERSION

Gary argues the trial court erred by not holding Brian also liable for conversion. We agree.

Conversion occurs when someone "intentionally interferes with chattel belonging to another, either by taking or unlawfully retaining it, thereby depriving the rightful owner of possession." *Alhadeff v. Meridian on Bainbridge Island, LLC*, 167 Wn.2d 601, 619, 220 P.3d 1214 (2009). "Wrongful intent is not an element of conversion, and good faith is not a defense." *Brown v. Brown*, 157 Wn. App. 803, 818, 239 P.3d 602 (2010).

Gary was the sole depositor and owner of the money in the bank account. Ronald wrongfully withdrew $181,400 from the account and gave it to Brian. Brian refused to return the money to Gary. Brian thus intentionally interfered with Gary's money by unlawfully retaining it. Moreover, Brian's assertion of good faith is not a defense. Based on the trial court's findings, we conclude that Brian also is liable for conversion.

B.     THE NECESSITIES OF THE CASE DO NOT DEMAND GRANTING BRIAN
         AFFIRMATIVE RELIEF

4

Brian argues that if we conclude he is liable for conversion, we should vacate the judgment and remand for retrial because Judge Wolfram erred by refusing to disqualify himself. Gary responds that Brian's failure to cross appeal prevents this court from granting Brian affirmative relief. For the reasons below, we agree.

RAP 2.4(a) limits the circumstances under which a respondent on appeal may seek affirmative relief. *State v. Sims*, 171 Wn.2d 436, 442, 256 P.3d 285 (2011). The rule states:

> The appellate court will grant a respondent affirmative relief by modifying the decision which is the subject matter of the review only (1) if the respondent also seeks review of the decision by the timely filing of a notice of appeal or a notice of discretionary review, or (2) if demanded by the necessities of the case.

RAP 2.4(a).

Brian did not file a cross appeal, so there are two questions we must answer. First, is Brian's request to vacate the judgment affirmative relief? Second, is he excused from filing a cross appeal because the relief he seeks is demanded by the necessities of the case?

### 1. *Brian's request for the judgment to be vacated is affirmative relief*

"Affirmative relief 'normally mean[s] a change in the final result at trial.'" *Id.* (quoting 2A KARL B. TEGLAND, WASHINGTON PRACTICE: RULES PRACTICE RAP 2.4

author's cmt. 3, at 174 (6th ed. 2004)). Affirmative relief means relief beyond affirmance

of the trial court's decision. *Id.* Vacation of the judgment certainly constitutes

affirmative relief.

2.    *The necessities of the case do not demand the affirmative relief
      sought by Brian*

The "necessities of the case" standard, somewhat surprisingly, does not permit an

appellate court to exercise as much discretion as the phrase implies. As before, *Sims*

controls our analysis.

In *Sims*, the defendant contested a condition of his special sex offender sentencing

alternative (SSOSA) banning him from Cowlitz County. *Id.* at 440. The State did not

cross appeal. The State conceded in the Court of Appeals that the geographical restriction

was unconstitutional and asked the appellate court to remand to allow the sentencing

court the option of denying Sims a SSOSA sentence. *Id.* The Court of Appeals granted

the State's request. *Id.* at 441. The Supreme Court reversed. *Id.* at 449. The court

equated "the necessities of the case" with whether an appellant's challenge could be

considered separately from the respondent's challenge. *Id.* at 444. The court determined

that Sims's challenge to his geographical sentencing condition could be considered

separately from the State's broader SSOSA challenge. *Id.* at 447. Accordingly, the court

No. 39413-1-III
*Carlyle v. Carlyle*

concluded that the State's failure to cross appeal prohibited it from receiving affirmative relief on appeal. *Id.* at 449.

Similarly, here, Gary's claim that Brian is liable for conversion can be considered separately from Brian's claim that Judge Wolfram erred by failing to disqualify himself. We conclude that the necessities of the case, as that phrase has been construed, do not demand the affirmative relief sought by Brian. Accordingly, we may not consider his claim.

Remanded.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Lawrence-Berrey, C.J.

WE CONCUR:

Cooney, J.                                        Murphy, J.

7